Per Curiam.

This is an action in mandamus originating in this court. Eelator seeks to compel respondents, members of the Athens County Board of Education, hereinafter called respondent, to certify to the Athens County Board of Elections a proposal to transfer the territory of the Ames-Bern Local School District to the Athens City School District. The case is presently before this court on a demurrer to the answer. The parties have agreed that the ruling on the demurrer will be dispositive of the case.
In his petition relator alleges that the proposal was submitted to the Athens County Superintendent of Schools; that such superintendent submitted it to the Athens County Board of Elections to determine the sufficiency of the signatures on the petition; that the board of elections found the signatures on the petition to be sufficient; that it was brought before the Athens County Board of Education which determined on the basis of certain affidavits and letters that signatures on the petition found valid by the board of elections were invalid, and that the petition did not contain sufficient signatures; and that the board of education, therefore, refuses to certify the proposal to the board of elections so that it may be placed on the ballot.
By its answer respondent admits the filing of the proposal *26 and the determination of its sufficiency by the board of elections but contends that the action of the board of elections was either fraudulent or a gross abuse of discretion; that the board of elections failed and refused to consider certain evidence as to the falsity and insufficiency of certain signatures on the petition (apparently the same evidence was presented to the board of elections); and that by reason thereof there is no legal duty upon respondent to certify the proposal to the board of elections.
Respondent argues that relator by his demurrer admits the facts alleged in the answer, and that such facts clearly invalidate the petition.
However, the question before the court is not whether the petition is valid or invalid but whether the board of education had the power to re-examine the petition after it had been certified as sufficient by the board of elections.
Basically, the contention of relator is that even if the facts alleged are true and would invalidate the petition they are not the basis for a defense in the present action, because the board of education had no power to consider them. It would make no difference what facts a demurrer admits, if the board did not have the power to consider such facts.
Section 3311.231, Revised Code, relating to the transfer of school districts, reads in part as follows:
“Any petition of transfer or petition of referendum under the provisions of this section shall be filed at the office of the county superintendent of schools. The person presenting the petition shall be given a receipt containing thereon the time of day, the date, and the purpose of the petition.
“The county superintendent shall cause the board of elections to check the sufficiency of signatures on any such petition, and, if found to be sufficient, he shall present the petition to the county board of education at a meeting of said board which shall occur not later than thirty days following the filing of said petition.
“The county board of education shall promptly certify the proposal to the board of elections of such counties in which school districts whose boundaries would be altered by such proposal are located for the purpose of having the proposal placed *27 on the ballot at the next general or primary election which occurs not less than sixty days after the date of such meeting or at a special election, the date of which shall be specified in the certification, which date shall not be less than sixty days after the date of such meeting.” (Emphasis supplied.)
An examination of this section shows that relator’s position is well taken. Under its provisions, once the petition is filed with the superintendent it must be sent to the board of elections for a determination of the sufficiency of the signatures. It is upon the board of elections that this duty is specifically imposed. Once such determination is made, the statute provides that the petition must be presented to the board of education upon which the mandatory duty is imposed to promptly certify it to the boards of elections affected by such proposal, so that it may be placed on the ballot. No power is placed by this section in the board of education to review the action of the board of elections as to the sufficiency of the petition. No discretion is placed in the board of education. Once the petition has been determined to be sufficient, then it is the mandatory duty of the board of education to certify it to the board of elections, so that it may be placed on the ballot.
There are many cases which hold that the determination of the sufficiency of a petition by a board of elections is subject to review. Those cases, however, relate to judicial review and not to a review by another administrative board.
The demurrer is sustained, and the writ is allowed.

Writ allowed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.